UNITED ELECTRICAL CONTRACTORS ASSOCIATION, et al.,
Petitioners

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

Nos. 06–1198, 07–1075.

United States Court of Appeals,
District of Columbia Circuit.

Nov. 27, 2007.

————

Roger Samuel Kaplan, Steven Samuel Goodman, Jackson Lewis, Woodbury, NY, for Petitioners.

Linda Dreeben, Deputy Assistant General Counsel, Aileen A. Armstrong, Deputy Associate General Counsel, John H. Ferguson, Assistant General Counsel, Ronald E. Meisburg, Meredith L. Jason, Attorney, Usha Dheenan, National Labor Relations Board, Washington, DC, for Respondent.

Before: SENTELLE, RANDOLPH and KAVANAUGH, Circuit Judges.

### *JUDGMENT*

This petition for review and cross-application for enforcement were considered on the record from the National Labor Relations Board and on the briefs and arguments of the parties. It is

**ORDERED AND ADJUDGED** that the petition for review be denied and the Board's cross-application for enforcement be granted.

Petitioner United Electrical Contractors Association (United) disputes the Board's finding that it unlawfully withdrew from multiemployer bargaining with Local Union No. 3, International Brotherhood of Electrical Workers (Union), and asserts that the Board did not act within its remedial power when it issued a bargaining order.

After negotiations began, United could withdraw from multiemployer bargaining only by "mutual consent" or if "unusual circumstances exist[ed]." *Retail Assocs., Inc.*, 120 N.L.R.B. 388, 395 (1958). The parties agree there was no mutual consent. United alleges two unusual circumstances worth addressing: (1) the Union bargained in bad faith, and (2) the Union fragmented the bargaining unit.

Substantial evidence supports the administrative law judge's finding that the Union did not negotiate in bad faith. The parties only need to bargain with the intention of reaching an agreement, *NLRB v. Ins. Agents' Int'l Union*, 361 U.S. 477, 488, 80 S.Ct. 419, 4 L.Ed.2d 454 (1960), and this court gives deference to the Board's determination, which is "largely a matter for the Board's expertise." *NLRB v. Cauthorne*, 691 F.2d 1023, 1026 n. 5 (D.C.Cir.1982).

United argues that interim agreements between the Union and individual employers within United fragmented the bargaining unit. The record supports the administrative law judge's finding that these interim agreements did not enable United to withdraw from bargaining. The vast majority of the interim agreements were temporary—they would be superseded by a contract reached by United and the Union. *Charles D. Bonanno Linen Serv., Inc. v. NLRB*, 454 U.S. 404, 414–15, 102 S.Ct. 720, 70 L.Ed.2d 656 (1982). Further, the interim agreements did not dissipate United to the point that multiemployer bargaining was not viable. *Callier's Custom Kitchen*, 243 N.L.R.B. 1114, 1117 (1979) (finding no fragmentation when 40 of 65 employers signed interim agreements).

United waived the argument that the bargaining order adversely affected its employees' § 7 rights. *Woelke & Romero Framing, Inc. v. NLRB*, 456 U.S. 645, 666, 102 S.Ct. 2071, 72 L.Ed.2d 398 (1982) ("[T]he Court of Appeals lacks jurisdiction to review objections that were not urged before the Board."). While United did except generally to the remedy of the bargaining order, its exception was not sufficiently particular to preserve the chal-

lenge. *Scepter, Inc. v. NLRB*, 280 F.3d 1053, 1057 (D.C.Cir.2002) (noting that because the party "failed to raise a particularized challenge to the bargaining order before the Board, this court has no authority to address the issue").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.